**IN THE UNTIED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CAROLYN WHITE<br>124 N. Creekview Ct.<br>Baltimore, OH 43105 | ) ) ) | CASE NO. |
| Plaintiff, | ) ) | JUDGE: |
| v. | ) ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| SELECT EMPLOYMENT SERVICES, INC.<br>1086 Dennison Ave.<br>Columbus, OH 43215 | ) ) ) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| Serve also:<br>SELECT EMPLOYMENT SERVICES<br>INC.<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219 | ) ) ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |

Plaintiff, Carolyn White, by and through undersigned counsel, as her Complaint against

Defendant, states and avers the following:

**PARTIES, JURISDICTION AND VENUE**

1.  At all times herein, White was a resident of the city of Baltimore, county of Fairfield, state of

    Ohio.

2.  At all times herein, White was acting in the course and scope of her employment.

3.  Select Employment Services, Inc. ("Select Employment") is a 501(c)(3) in Colorado that

    operates a place of business located at 6217 N Main St. Dayton, OH 45415

4.  Select Employment hires citizens of the state of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over Select Employment comports with due process.

5.  This Court has subject matter jurisdiction pursuant 28 U.S.C. § 1331 in that White is alleging Federal Law Claim under the Americans with Disabilities Act (ADA) and Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2617 et seq.

6.  This Court has supplemental jurisdiction over White's state law claims pursuant to 28 U.S.C. § 1367 as White's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

7.  Venue is proper in this District because Select Employment does a sizeable portion of their business in this District; they maintain a place of business in this district; and the wrongs herein alleged occurred and/or originated in this District.

8.  White received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

9.  White has properly exhausted her administrative remedies pursuant to 26 C.F.R § 1614.407(b).

## FACTS

10. White is a former employee of Select Employment.

11. White began working for Select Employment on or around July 16, 2018.

12. White was employed at Select Employment as a Registered Nurse.

13. On September 11, 2023, White sustained a broken foot.

14. White's broken foot substantially impaired one of more of her major life activities, including standing, walking, and other physical activities.

15. As a result of this condition, White is disabled within the meaning of R.C. § 4112.01 et seq.

16. White is also disabled within the meaning of the Americans with Disabilities Act.

17. In the alternative, Select Employment perceived White as being disabled.

18. In or around September 2023, White submitted medical documentation requesting protected leave under the Family Medical Leave Act "FMLA."

19. White went on FMLA leave while recovering from her broken foot.

20. White returned to Select Employment and was subject to unreasonable working conditions.

21. White was wearing a walking boot and was still subject to 16-hour shifts which were adverse to her health.

22. Due to the level of stress on her health, White's medical provider requested an additional two-weeks of FMLA leave for White to properly heal.

23. On or around October 17, 2023, White notified her supervisor and Chief Nursing Officer, Nicole Wayton, of White's medical provider's extension of White's FMLA leave.

24. Wayton is White's supervisor.

25. Wayton is not disabled.

26. Wayton responded to White's FMLA extension with hostility, inappropriate text messages, and anger towards White.

27. On or around December 8, 2023, White returned to Select Employment.

28. Immediately upon her return, White was subject to retaliation in the form of unjustified disciplinary actions.

29. In or around April 2024, White raised the concerns of being retaliated against to Human Resources.

30. Select Employment conducted no investigation but decided to uphold the inappropriate discipline against White.

31. On or around July 15, 2024, Defendant terminated White's employment ("Termination").

32. On or around July 15, 2025, Jennifer Wayman, Human Resources Manager made White aware of her termination.

33. Select Employment did not interview White or review her documentation before finalizing the termination.

34. Select Employment did not follow any progressive discipline policy prior to termination.

35. Select Employment did not issue White a performance improvement plan or corrective action.

36. Select Employment did not provide White an opportunity to respond to the allegations before termination.

37. White was not invited to any meeting to discuss her employment status prior to being discharged.

38. White was not informed that her employment was at risk before receiving the termination notice.

39. White's termination occurred within close proximity of White utilizing her FMLA leave.

40. At all times referenced herein, Select Employment maintained a progressive disciplinary policy ("Discipline Policy").

41. A verbal warning is the lowest level of discipline in the Discipline Policy.

42. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

43. White did not receive a written warning before the Termination.

44. A termination is the highest level of discipline in the Discipline Policy.

45. By immediately terminating White, Select Employment violated its own progressive disciplinary policy, skipping over all lesser forms of discipline.

46. Select Employment's stated reason for terminating White is a pretext for age discrimination.

47. Select Employment knowingly terminated White's employment.

48. Select Employment knowingly took an adverse employment action against White.

49. Select Employment knowingly took an adverse action against White.

50. Select Employment intentionally skipped progressive disciplinary steps in terminating White.

51. Select Employment intentionally terminated White's employment.

52. Select Employment intentionally took an adverse employment action against White.

53. Select Employment intentionally took an adverse action against White.

54. Select Employment knew that skipping progressive disciplinary steps in terminating White would cause White harm, including economic harm.

55. Select Employment knew that terminating White would cause White harm, including economic harm.

56. Select Employment willfully skipped progressive disciplinary steps in terminating White.

57. Select Employment willfully terminated White's employment.

58. Select Employment willfully took an adverse employment action against White.

59. Select Employment willfully took an adverse action against White.

60. White was terminated as retaliation for taking FMLA leave.

61. White was terminated because of her disability.

62. In the alternative, White was terminated for her perceived disability.

63. As a direct and proximate result of Select Employment's conduct, White has suffered and will continue to suffer damages, including lost wages, lost benefits, and emotional distress.

**COUNT I: <u>DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT</u>**

64. White restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

65. At the time of her employment, White was able to complete the essential functions of her job.

66. White is disabled.

67. In the alternative, Select Employment perceived White as being disabled.

68. White's condition constituted a physical impairment.

69. White's condition substantially impaired one or more of her major life activities including working, standing and walking

70. Select Employment perceived White's condition to substantially impair one or more of her major life activities including working, standing, and walking.

71. Select Employment treated White differently than other similarly-situated employees based on her disabling condition.

72. Select Employment treated White differently than other similarly-situated employees based on her perceived disabling condition.

73. On or about July 15, 2024, Select Employment terminated White's employment without just cause.

74. Select Employment terminated White's employment based her disability.

75. Select Employment terminated White's employment based her perceived disability.

76. Select Employment violated ADA when it terminated White based on her disability.

6

77. Select Employment violated ADA when it terminated White based on her perceived disability.

78. Select Employment violated ADA by discriminating against White based on her disability.

79. Select Employment violated ADA by discriminating against White based on her perceived disability.

80. As a direct and proximate result of Defendant's conduct, White suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT II: DISABILITY DISCRIMAINTION IN VIOLATION OF R.C. § 4112

81. White restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

82. At the time of her employment, White was able to complete the essential functions of her job.

83. White is disabled.

84. In the alternative, Select Employment perceived White as being disabled.

85. White's condition constituted a physical impairment.

86. White's condition substantially impaired one or more of her major life activities including working, standing and walking

87. Select Employment perceived White's condition to substantially impair one or more of her major life activities including working, standing, and walking.

88. Select Employment treated White differently than other similarly-situated employees based on her disabling condition.

7

89. Select Employment treated White differently than other similarly-situated employees based on her perceived disabling condition.

90. On or about August 20July 15, 2024, Select Employment terminated White's employment without just cause.

91. Select Employment terminated White's employment based her disability.

92. Select Employment terminated White's employment based her perceived disability.

93. Select Employment violated Ohio R.C. § 4112.02 when it discharged White based on her disability.

94. Select Employment violated Ohio R.C. § 4112.02 when it discharged White based on her perceived disability.

95. Select Employment violated Ohio R.C. § 4112.02 by discriminating against White based on her disabling condition.

96. Select Employment violated Ohio R.C. §4112.02 by discriminating against White based on her perceived disabling condition.

97. White suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to Ohio R.C. § 4112.01 et seq.

98. As a direct and proximate result of Defendant's conduct, White suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT III: <u>UNLAWFUL INTERFERENCE WITH FMLA RIGHTS</u>

99. White restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

100. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

101. Select Employment is a covered employer under FMLA.

102. During her employment, White qualified for FMLA leave.

103. During her employment, White was approved and lawfully

104. Select Employment unlawfully interfered with White's exercise of her rights under FMLA in violation of Section 105 of FMLA and section 825.220 of FMLA regulations.

105. Select Employment's termination of White shortly after her FMLA leave violated and interfered with White's FMLA rights.

106. Select Employment violated section 825.300(c)(1) of FMLA and interfered with White's FMLA rights.

107. As a direct and proximate result of Select Employment's conduct, White is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT IV: <u>RETALIATION IN VIOLATION OF THE FMLA</u>

108. White restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

109. During her employment, White utilized FMLA leave.

110. After White utilized her qualified FMLA leave, Defendants retaliated against her.

111. Defendants retaliated against White by terminating her employment.

112. Defendants willfully retaliated against White in violation of U.S.C. § 2615(a).

113. As a direct and proximate result of Defendants' wrongful conduct, White is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Carolyn White respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Select Employment to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against Defendant of compensatory and monetary damages to compensate White for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for White's claims as allowable under law;

(e) An award of the taxable costs of this action; and

10

(f)  An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *William T. LaGrone*

William T. LaGrone(0104199)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Rd.
Suite 307
Columbus, OH 43229
Phone: (614) 468-8043
Fax:     (216) 291-5744
Email: William.lagrone@spitzlawfirm.com

*Attorney For Plaintiff*
*Carolyn White*

11

## JURY DEMAND

Plaintiff Carolyn White demands a trial by jury by the maximum number of jurors permitted.

/s/ *William T. LaGrone*

William T. LaGrone(0104199)
**SPITZ, THE EMPLOYEE'S LAW FIRM**